Peters v. The Hastings & Dakota Railway Company.

JOHN PETERS

*vs.*

THE HASTINGS & DAKOTA RAILWAY COMPANY.

The provisions of respondent's charter, (*Laws of* 1857, *ch.* 39, *s.* 9, *Special Laws of* 1866, *ch.* 12, *s.* 7,) for its obtaining the right of way contemplate a decision by commissioners as to the compensation to be paid the land-owner, to be embodied in a report to be filed in the district court, that either the land-owner or the company may appeal, and that the appeal shall be entered, proceeded in and determined as in cases on appeal from justices of the peace, and are to the effect, that an appeal properly taken shall be entered on the second day of the term next thereafter. But neither by express words, nor by necessary implication, does the charter prescribe the grounds upon which, or the time or manner, in which the appeal may be taken. It presents in these respects an instance of a *casus omissus*.

It is, therefore, no ground for dismissing an appeal, that it was not taken within the same time after filing the report as is provided in case of appeals from the judgment of a justice.

On application of the defendant, commissioners were appointed to assess the compensation to be paid to the plaintiff, and other land-owners, for land sought to be taken by defendant for its railway. The commissioners made and filed their report on the 27th of September, 1871. On the 14th of January, 1872, the plaintiff served on the defendant a notice of appeal from the award of the commissioners to the district court for Scott county, and filed such notice, with proof of service, in the office of the clerk of the district court. The appeal was noticed for trial at the general term in June, 1872,

Peters v. The Hastings & Dakota Railway Company.

and was placed upon the calendar. When the case was called for trial, the defendant moved to dismiss the appeal, because the same had not been taken within ten days after the filing of the award. The motion was granted, and the plaintiff appeals from the order of dismissal. The provisions of the defendant's charter in regard to such appeals are fully stated in the opinion.

Henry Hinds, for Appellant.

Smith & Van Slyck, for Respondent.

*By the Court.*—Ripley, Ch. J.—The respondent's charter (*Laws of* 1857, *ch.* 39, *s.* 9, *Special Laws of* 1866, *ch.* 12, *s.* 7) provides that it may take and hold, for the purposes required by their road, such lands as may be requisite and convenient, " but unless such lands taken by said corporation shall be purchased of or given voluntarily by the owners thereof, full and proper compensation therefor shall be made by said corporation to the owner or owners thereof, which said compensation shall be ascertained and determined in the manner following."

The charter then proceeds to prescribe the mode of procedure, or special proceeding, by which the corporation, upon payment of such compensation so ascertained, will " become invested and seized with all the right and title of the land * * * and entitled to the full, free and perfect use and occupation of the same," for its purposes aforesaid.

Commissioners are to be appointed, upon its application, by a court competent to try questions of title to real estate, and upon notice to the land owner to ascertain and determine upon oath the amount to be paid to the land owner for his interest or estate in the land to be taken, and the section then proceeds as follows: " Whenever the place of any commis-

sioners shall become vacant the court may, upon such notice to the parties as he may prescribe, and by appeal shall be entered, proceeded in and determined in the same manner as cases on appeal from a justice of the peace." This as it stands is sheer nonsense. That something has been omitted is self-evident. Whereabouts then did the omission occur?

The respondent's charter was approved on the 10th of March, 1857. On the same day an act was approved, incorporating the Nininger, St. Peter & Western R. R. Co. Like this, it was authorized to take land for its purposes, as in the charter provided. What there is in the respondent's charter on the subject is identical with the provision in that; but there is no such hiatus in the charter of the Nininger road, which reads that "whenever the place of any commissioner shall become vacant, the court may, upon notice to the parties, as he may prescribe, and by like order, supply the place by the appointment of another person as such commissioner, who shall be in like manner served with a copy of the order appointing, and take the like oath." The act then goes on to prescribe the manner in which the commissioners are to proceed in the discharge of their duties, the principles upon which their appraisal is to be made, and provides among other things for the filing of their report in the office of the clerk of the court, and the notifying the parties thereof. It then provides that the company or any party interested, if they deem the report unjust in any manner affecting the amount of compensation, may appeal therefrom within twenty days after the service of notice of filing said report.

It then provides for filing and serving notice of appeal and giving a bond as prescribed. The statute then proceeds, " Upon the filing of the notice and bond for appeal, with proof by affidavit of the service of such appeal, as above prescribed, all further proceedings on the report shall be stayed until the

further order of the court, and the cause upon such appeal shall be entered, proceeded on, determined in the same manner as causes on appeal from justices of the peace."

It is allowable, we think, to infer from these facts, that the hiatus in question occurred at " by."

The paragraph must, therefore, to reproduce the legislative thought as it was actually expressed, be broken into two imperfect, but no longer unmeaning sentences, thus : " whenever the place of any commissioner shall become vacant, the court may, upon such notice to the parties as he may prescribe, and by ———— appeal shall be entered, proceeded in and determined in the same manner as cases on appeal from a justice of the peace ; and in case the appeal shall involve the determination of fact, the same shall be tried by jury, unless the jury shall be named by both parties." This again is unmeaning, but is evidently to be read " waived."

The statute then proceeds as follows :  " The report of the commissioners shall be final and conclusive, unless appealed from in the manner above described." The statute then provides that, if the company appeals, it shall not stay the work, provided the company deposit the amount awarded ; and if the land-owner appeals, if the company deposit the amount claimed by him, the work may proceed.  It then proceeds as follows : " when any report, or part of report of commissioners shall become final, and whenever any appeal from such report, or any part thereof, shall have been finally determined, the said company shall, (upon payment to each party interested the sum thereby determined to be due to him, or her, or any corporation, for property taken, or on depositing the same in the court for his or her use,) become invested and seized with all the right and title of the land or real estate, for which such payment or deposit shall have been made, and entitled to full, free and perfect use and occupation of the same, for the pur-

poses of this act hereinbefore described. The said commissioners shall be entitled to receive three dollars per day for their services and their compensation, and all the fees of officers previous to and including the filing of the commissioners' report, shall be made by said company." (For " made " we must obviously read " paid.")

The charter, it is thus seen, contemplates that the commissioners shall embody their determination aforesaid as to the compensation due to the land-owner in a report to be filed ; that either the company or the land-owner may appeal therefrom ; and that the appeal shall be entered, proceeded in and determined as in cases on appeal from justices of the peace.

As to such cases, the law then and now in force provides that the appellant shall cause an entry of the appeal to be made by the clerk of the court on or before the second day of the term next after the allowance of an appeal by the justice, and the action is to be proceeded in, as near as may be, as if originally commenced in the district court. It is imperative on the justice to allow the appeal, if it be properly taken.

This provision in the charter is, therefore, to the effect that an appeal properly taken shall be entered . on the second day of the term of the court next thereafter ; but this entry of, and proceeding with and determination of the appeal are all to occur after the appeal has been duly taken, etc.—at the next term thereafter. As to the grounds upon which, or the time or manner in which, when, how or wherefore, such appeal may be taken, the statute is as silent as it is as to the principles, upon which the commissioners are to ascertain the compensation due to the land-owners.

The respondent contends that it appears from the language used that the legislature intended that the appeal should be taken in the same manner as an appeal from the judgment of

Peters v. The Hastings & Dakota Railway Company.

a justice, because an appeal cannot be entered till it has been properly taken.

If there were, in the nature of things, no other proper ground or way of appealing from an award of commissioners than as prescribed in the statutory mode of appealing from the judgment of a justice, there might be some force in this argument. But the reverse is the case. An appeal, for instance, by the land-owner from an award of a certain sum as compensation would, as a general proposition, be because he considered it insufficient, and the less the award the more apt he would be to feel himself aggrieved. The object of the legislature in providing for an appeal may be assumed to be, to give him an opportunity to re-try that question before a jury. Yet, under the justice-act no appeal can be taken from a judgment which does not exceed fifteen dollars.

Nor is there anything whatever in the nature of an appeal from such an award as the one in question, or in the act before us, which infers any necessity or special propriety, for taking it within ten days, or any other time, from the filing of the award, (prior to the next term of the court,) or for any such affidavit or any such bond as is prescribed in the justice-act. And as to any bond, if the land-owner is entitled as matter of constitutional right to a jury, no bond could be required. If he is not, such a bond as the justice-act provides for is altogether inappropriate to such an appeal. In what sum, for instance, should it be given ? The justice-act provides that it shall run to the adverse party in a sum sufficient to secure the judgment appealed from, and costs of appeal. But the award appealed from is in his favor. A bond to secure to the corporation the amount of the award would never suggest itself as a condition of appeal.

Without pursuing the subject further, it is sufficient to repeat that neither by express language nor by necessary im-

plication, does the charter prescribe the grounds upon which, or the time, or manner in which appeals may be taken from such report, presenting in these respects an instance, pure and simple, of a *casus omissus*.

The return shows that the respondent moved to dismiss this appeal on the ground " that the same was not taken within the time prescribed by law, in this, that it was not taken within ten days after the filing of the award ; " and that, after argument, the district court ordered the appeal to be dismissed.

It is apparent that the motion was made and granted upon the ground that by the charter the appeal must be taken within said time, the court below being of the opinion that the justice-act applied to. the taking of such appeal, and this is the only ground upon which the respondent has sought to sustain the order dismissing the appeal.

It is quite unnecessary to inquire whether the appellant's theories of the law governing appeals under this section of this charter be correct or not

It may be, for instance, that as the legislature meant to give an appeal, and did not prescribe the mode, an appeal may be taken in any proper way, and that it would be proper to take it within a reasonable time after actual notice of the filing of the report ; but supposing us bound to inquire, in order, if possible, to sustain the court below, whether this appeal was thus taken, the return does not show when, if ever, such notice was given ; and it is certainly unnecessary, in order to reverse the order of the district court, to assume, in accordance with the appellant's suggestion, that no such notice was given, and therefore that the appeal was taken within a reasonable time from the filing.

It is certain, at all events, that the legislature intended that the land-owner should have the right of appeal.

The case finds him prosecuting that right, and, as yet, no reason has been suggested why he is not entitled to do so.

Order appealed from reversed.